## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.<br>) 5:24-cv-01072<br>) |
| v. | ) COMPLAINT<br>) |
| BENSON ENTERPRISES, INC.;<br>INGRAM PARK CHRYSLER JEEP, INC.;<br>AND BENSON NISSAN, INC., | )<br>) **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendants. | )<br>) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Rebecca Owen and Tammie Faulkner-Taylor. As alleged with greater particularity in paragraphs 15 through 20 below, the U.S. Equal Employment Opportunity Commission ("EEOC" or "the Commission") alleges that Defendants, Benson Enterprises, Inc., Ingram Park Chrysler Jeep, Inc., and Benson Nissan, Inc., ("Defendants") discriminated against Rebecca Owen and Tammie Faulkner-Taylor by subjecting them to disparate treatment, in violation of Title VII. EEOC also alleges that Defendants discriminated against Rebecca Owen by subjecting her to a sex-based hostile work environment and terminating her because of her sex. EEOC further alleges that Defendants retaliated against Rebecca Owen by terminating her for complaining of sex-based discrimination and harassment, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. Defendant, Benson Enterprises, Inc. ("Benson"), a Texas corporation headquartered in San Antonio, TX, is a holding company that owns several car dealerships, including Ingram Park Chrysler Jeep, Inc. and Benson Nissan, Inc.

5. Defendant, Ingram Park Chrysler Jeep, Inc. ("Ingram Park Chrysler"), a Texas corporation headquartered in San Antonio, TX, is a car dealership owned by Benson Enterprises, Inc.

6. Defendant, Benson Nissan, Inc. ("Benson Nissan"), a Texas corporation headquartered in San Antonio, TX, is a car dealership owned by Benson Enterprises, Inc.

7. At all relevant times, Defendants operated as an integrated business enterprise and collectively had at least fifteen (15) employees on a continual basis at all times relevant to this

civil action. Evidence of their operation as an integrated enterprise includes, but is not limited to the following:

    a.    Benson manages and/or operates several subsidiary companies, including Defendant Ingram Park Chrysler and Defendant Benson Nissan. Together, these companies sell both new and used vehicles, and provide a range of after-sale services to vehicles (e.g., state inspections, oil changes, wiper blade replacements, etc.).

    b.    Defendants' operations are interrelated, as they share employees, services, and records. For example, Defendants jointly use the same employment policies, including a shared employee handbook; the human resources and payroll director, an employee of Benson, provides human resources services to Ingram Park Chrysler and Benson Nissan; and Randy Foust, an employee of Benson, serves as the managing director for Ingram Park Chrysler and Benson Nissan.

    c.    Defendants have centralized control of labor relations. These labor relations include Benson providing human resources to Ingram Park Chrysler and Benson Nissan, along with exercising hiring and firing authority over Ingram Park Chrysler and Benson Nissan employees.

    d.    Defendants have common ownership and management. For example, Larry J. Benson Jr., an owner of Benson, is the registered agent for Ingram Park Chrysler and is listed as the president of Ingram Park Chrysler and Benson Nissan. Moreover, Randy Foust, an employee of Benson, is listed as the managing director for Ingram Park Chrysler and Benson Nissan.

8. At all relevant times, Defendants have continuously been doing business in the State of Texas and City of San Antonio, and Defendants have maintained at least fifteen employees.

9. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

10. More than thirty days prior to the institution of this lawsuit, Rebecca Owen filed a charge with the Commission alleging violations of Title VII by Defendants.

11. On December 27, 2023, the Commission found reasonable cause to believe that the Defendants violated Title VII. The Commission then invited Defendants to join it in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12. After issuing the Letter of Determination, the Commission engaged in communications with Defendants to provide the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. On April 22, 2024, the Commission issued Defendants a Notice of Failure of Conciliation, advising Defendants that the Commission was unable to secure an acceptable conciliation agreement.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. Defendants hired Rebecca Owen as a service advisor in approximately March 2015, and during the last three years of her employment (2018 – 2021), Owen worked as a fleet service

advisor for Ingram Park Chrysler.

16. Defendants hired Tammie Faulkner-Taylor as an express service advisor for Ingram Park Chrysler in approximately November 2020.

17. Defendants subsequently hired a new service manager for Ingram Park Chrysler in approximately January 2021. The new Ingram Park Chrysler service manager supervised both Owen and Faulkner-Taylor.

18. Since at least January 2021, Defendants engaged in unlawful employment practices at their Ingram Park Chrysler dealership by subjecting Owen and Faulkner-Taylor to disparate treatment because of their sex, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1). The disparate treatment includes, but is not limited to, the following:

    a. The Ingram Park Chrysler service manager directed Owen's clients away from her towards male service advisors and allowed employees he supervised to tell Owen's clients that she no longer worked for Ingram Park Chrysler, even while Owen was employed. Furthermore, the service manager transferred Owen's assistant who was instrumental in helping her schedule and maintain client appointments. These actions resulted in a loss of sales for Owen that negatively affected her commission-based compensation.

    b. The Ingram Park Chrysler service manager excluded Owen and Faulkner-Taylor from communications regarding business operations, including a group chat he organized with male service advisors where he exclusively announced competitions for monetary bonuses. As a result, Owen and Faulkner-Taylor, the only female service advisors, were precluded from participating in such competitions, and thus deprived of the opportunity to earn monetary bonuses.

19. Since at least January 2021, Defendants engaged in unlawful employment practices at its Ingram Park Chrysler dealership by subjecting Owen to a hostile work environment because of her sex, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1). The hostile work environment included, but is not limited to the following:

   a. Owen was subjected to severe, pervasive, unwanted, and sexist comments that were degrading to women, such as comments by the Ingram Park Chrysler service manager about women being ignorant, lazy, or unqualified or unsuited to work as service advisors. The service manager frequently made such comments from the time he started until Owen's termination, at times, on a daily basis. Moreover, as stated above, the Ingram Park Chrysler service manager directed Owen's clients away from her, transferred her assistant away from her, and excluded her from communications regarding business operations, including a group chat where monetary bonus competitions were exclusively announced to male service advisors.

   b. In April and May 2021, Owen complained about sex discrimination and harassment to multiple managers, including (1) Ingram Park Chrysler's general manager, (2) Ingram Park Chrysler's service drive manager, (3) Ingram Park Chrysler's service shop foreman, (4) Benson Nissan's service manager, (4) Benson's vice president of operations, and (5) Benson's vice president of operations' executive assistant. However, Defendants failed or refused to take reasonable care to prevent and promptly correct or remedy the discrimination and harassment. Defendants never informed Owen that there was any investigation of her complaints, nor did she have any reason to believe that an

       investigation or any other responsive action by Defendants followed her complaint.

    c.    Moreover, in or about late May 2021, Owen verbally complained to Benson's human resources manager about the Ingram Park Chrysler service manager's sex-based discrimination and harassment. After receiving no response from the human resources manager, Owen verbally followed up with the human resources manager on or about June 9, 2021, regarding her complaint. The following day, Owen also submitted a detailed written complaint to the human resources manager about the Ingram Park Chrysler service manager's sex-based discrimination and harassment. However, Defendants again failed or refused to engage in prompt or effective remedial action to address the discrimination.

    d.    On or about June 11, 2021, Defendants terminated Owen's employment.

20.    In June 2021, Defendants engaged in unlawful employment practices by terminating Owen because of her sex and/or her protected opposition to the sex discrimination and harassment she experienced, in violation of Sections 703 and Section 704 of Title VII, 42 U.S.C. §§ 2000e-2(a) and 3(a). Defendants terminated Owen the day after she submitted a written complaint to the human resources manager alleging sex discrimination and harassment. Defendants claimed that they had previously decided to eliminate Owen's position; however, contrary to Defendant's proffered reason, Owen's position was not eliminated. Male service advisors who did not complain of sex discrimination performed Owen's duties after the Defendants fired her.

21.    The effect of the practices complained of in paragraphs 15 through 20 above has

been to deprive Owen and Faulkner-Taylor of equal employment opportunities and to otherwise adversely affect their status as employees because of their sex, female, and/or in retaliation for opposing such unlawful practices.

22. The unlawful employment practices complained of in paragraphs 15 through 20 above were intentionally undertaken by the Defendant and its agents.

23. The unlawful employment practices complained of in paragraphs 15 through 20 above were done with malice or with reckless indifference to the federally protected rights of Rebecca Owen and Tammie Faulkner-Taylor.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating based on sex or creating and maintaining a hostile work environment, and from any other employment practice which discriminates on the basis of sex, female;

B. Grant a permanent injunction enjoining Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation against current, future, or former employees who have opposed practices made unlawful by Title VII, who have participated in a proceeding under Title VII by filing a charge of discrimination with the Commission, or who have otherwise engaged in protected activity under Title VII;

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for all employees who oppose, or who have opposed unlawful discriminatory employment practices, or who have participated in a

proceeding under Title VII, or have otherwise engaged in protected activity, and which eradicate the effects of their past and present unlawful employment practices;

      D.    Order Defendants to provide Rebecca Owen appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to reinstatement of Rebecca Owen or front pay in lieu thereof;

      E.    Order Defendants to make whole Rebecca Owen by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described 15 through 20 above, in an amount to be determined at trial;

      F.    Order Defendants to make whole Rebecca Owen and Tammie Faulkner-Taylor by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices as described in paragraphs 15 through 20 above, including but not limited to, humiliation, emotional pain and suffering, stress, anxiety, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial;

      G.    Order Defendants to pay Rebecca Owen and Tammie Faulkner-Taylor punitive damages for their malicious or reckless conduct as described in paragraphs 15 through 20 above, in amounts to be determined at trial;

      H.    Grant such further relief as the Court deems necessary and proper in the public interest; and

      I.    Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

ROBERT CANINO
Regional Attorney
Oklahoma Bar No. 011782

PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
Email: philip.moss@eeoc.gov

*/s/Brian E. Hawthorne*
BRIAN E. HAWTHORNE
Trial Attorney
Texas State Bar No. 24116494
Email: brian.hawthorne@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (972)-918-3609
Fax No. (214)-253-2749

**ATTORNEYS FOR PLAINTIFF**