**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| **Plaintiff,** | |
| **and** | **CIVIL ACTION NO.: 5:24-cv-01072-XR** |
| **REBECCA OWEN,** | |
| **Plaintiff-Intervenor,** | |
| **v.** | |
| **INGRAM PARK CHRYSLER JEEP, INC., et al.,** | |
| **Defendants.** | |

# CONSENT DECREE

On September 25, 2024, Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") instituted this action against Defendants Benson Enterprises, Inc.; Ingram Park Chrysler Jeep, Inc.; and Benson Nissan, Inc. (collectively, "Defendants") alleging claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Specifically, the Commission alleged that Defendants discriminated against Rebecca Owen ("Owen") and Tammie Faulkner-Taylor ("Faulkner-Taylor") by subjecting them to disparate treatment because of sex; subjecting Owen to a hostile work environment and terminating her because of her sex; and retaliating against Owen by terminating her for complaining about sex-based harassment and discrimination. On December 17, 2024, Owen filed a complaint in intervention in this action. Defendants deny all allegations in the Complaints filed by EEOC and Owen.

As a result of settlement discussions, EEOC, Owen, and Defendants (hereinafter, collectively the "Parties") desire to resolve this action without the time, expenditure, and risk of additional contested litigation and have agreed that this action should be resolved by entry of this Consent Decree (hereafter "Decree").

This Decree, once approved and entered by the Court, shall fully and finally resolve all claims set forth in the Complaints filed by the EEOC and Owen (collectively, "Plaintiffs") in the above-styled and numbered action.

## STIPULATIONS

1. The Parties acknowledge the jurisdiction of the United States District Court for the Western District of Texas (San Antonio Division) over the subject matter of this action and the Parties to this action for purposes of entering this Decree and, if necessary, enforcing this Decree.

2. Venue is proper in this judicial district for purposes of entering this Decree and any proceedings related to enforcement of the Decree.

3. The Parties agree that all conditions precedent to the institution of this action have been fulfilled.

## FINDINGS

4. Having carefully examined the terms of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

A. This Court has jurisdiction over the Parties and the subject matter of this action;

B. The terms of this Decree are adequate, fair, reasonable, equitable and just and are in the best interests of the Parties, those for whom EEOC seeks relief, and the public;

C. This decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII.

**NOW THEREFORE IT IS ORDERED, ADJUGED, AND DECREED THAT:**

## DEFINITIONS

5. As used in this Decree, the term "complaint" shall mean any allegation or report made by any employee or job applicant or other person acting on their behalf, whether or not substantiated by evidence, whether or not made in conformity with Defendants' established procedures (so long as knowledge of the complaint may be imputed to Defendants), made by any means of communication, regarding potential discrimination, harassment, or retaliation committed by any employee, officer, director, or customer of Defendants.

6. The term "Claimants" shall refer to Rebecca Owen and Tammie Faulkner-Taylor.

7. The term "Effective Date" shall be the date that the Court approves and enters this Decree as an order of the Court.

8. "Days" as used in this Decree shall refer to calendar days. If any deadline referenced in this Decree shall fall on a weekend or a federal holiday, the deadline shall be moved to the next business day.

9. The term "employee" shall be construed in accordance with controlling caselaw defining the meaning of the terms "employer" and "employee" under Title VII.

## INJUNCTION

10. Defendants, their managers, officers, agents, successors, other persons in active concert or participation with Defendants, and any other person or entity acting on behalf of Defendants are hereby enjoined from engaging in any employment practice that discriminates

against any employee because of sex, including (a) creating, facilitating, or tolerating the existence of a hostile work environment because of sex; (b) failing to exercise reasonable care to prevent or correct a hostile work environment because of sex; and/or (c) taking any adverse employment action against any person because of sex, including but not limited to, subjecting employees to different terms and conditions of employment and/or terminating employees because of sex.

11. Defendants, their managers, officers, agents, successors, other persons in active concert or participation with Defendants, and any other person or entity acting on behalf of Defendants are hereby enjoined from retaliating against any person because such person has opposed any employment practice made unlawful or reasonably believed to be unlawful pursuant to Title VII's prohibition of discrimination and harassment because of sex; filed a charge or complaint of discrimination or harassment because of sex; testified or participated in any way in an investigation, hearing, litigation, or resolution of any complaint or charge of discrimination or harassment because of sex; or has asserted any rights under this Decree.

**MONETARY RELIEF**

12. Within fourteen (14) days of the Effective Date, Defendants shall pay monetary relief to Rebecca Owen in the total amount of $410,000.00 of which $121,188.00 shall constitute back pay (wages), $ 167,625.00 shall constitute attorney's fees and costs, and $121,187.00 shall constitute compensatory damages for emotional distress.

13. Within fourteen (14) days of the Effective Date, Defendants shall pay monetary relief to Tammie Faulkner-Taylor the total amount of $20,000.00 of which $20,000.00 shall constitute compensatory damages for emotional distress.

14. Defendants shall make all applicable payroll tax withholdings required by law from the amount payable to Ms. Owen as back pay (wages). Defendants shall be responsible for paying

their own share of payroll tax liability required by law. Defendants shall not make withholdings from the amount payable to Ms. Owen and Ms. Faulkner-Taylor as attorney's fees or compensatory damages for emotional distress.

15. Payment to Ms. Owen shall be completed using three checks: one check for the amount constituting back pay (less legally required payroll tax withholdings), a second check for the amount constituting compensatory damages, and a third check for attorney's fees. Defendants shall deliver the three checks for monetary relief payable to "Rebecca Owen" via certified U.S. mail (with a return receipt requested) or express overnight delivery to Ms. Owen's attorney of record. The check for the amount constituting back pay shall be accompanied by a written description setting forth the type and amount of all payroll tax withholdings made. Within five (5) days of the date of delivery of the three checks to Ms. Owen's attorney of record, Defendants shall transmit to the Commission photocopies of each check, the written description of payroll tax withholdings, and proof of delivery.

16. Payment to Ms. Faulkner-Taylor shall be completed using one check for the amount constituting compensatory damages. Defendants shall deliver the check for monetary relief payable to "Tammie Faulkner-Taylor" via certified U.S. mail (with a return receipt requested) or express overnight delivery to an address to be provided by EEOC. Within five (5) days of the date of delivery of the check to Ms. Faulkner-Taylor, Defendants shall transmit to the Commission a photocopy of the check and proof of delivery.

17. In the event that Defendants are unable to successfully make delivery of one or more of the payments required to be delivered by Paragraphs 15 and 16, above, Defendants shall promptly notify the Commission of that fact, confer with the Commission about alternative

methods of delivery of payment, and then exercise reasonable diligence to attempt successful delivery of the payment(s) by alternate methods.

18. At the time that such tax documents are issued to other persons, Defendants shall issue to Ms. Owen an IRS Form W-2 for the monetary relief amount constituting back pay (wages) and to Ms. Owen and Ms. Faulkner-Taylor an IRS Form 1099-MISC for the monetary relief constituting attorney's fees, and compensatory damages.

19. Defendants acknowledge and agree to the following:

a. EEOC may be required to report the fact of this settlement to the IRS under Sections 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If EEOC is required by law to do so, Defendants will be provided with a copy of the 1098-F form provided to the Internal Revenue Service (IRS). Defendant Ingram Park Chrysler Jeep, Inc.'s EIN is as follows: 74-1746318. The individual to whom the EEOC should mail a copy of form 1098-F for Defendant Ingram Park Chrysler Jeep, Inc., if the EEOC is required to issue one is Barbara Hornsby, 4114 Pond Hill Road, Suite 302, San Antonio, Texas 78231.

b. EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

c. The provision of the Form 1098-F by EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from EEOC.

e. Defendants are not acting in reliance on any representations made by EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

20. The resolution of this case pursuant to this Decree shall not be conditioned on any agreement by Ms. Owen or Ms. Faulkner-Taylor to any of the following:

a. waiver or release of any claims other than the Title VII claims pleaded by EEOC and Owen in the Complaint and Intervenor Complaint in the above-styled and numbered action;

b. a promise not to reapply for employment with any of Defendants; or

c. any non-disparagement and/or confidentiality requirement regarding any aspect of the case or resolution thereof.

## INVESTIGATIVE PROTOCOL

21. Within sixty (60) days of the Effective Date, each Defendant shall implement and adhere to an investigative protocol for effectively investigating and responding to complaints of sex discrimination, sex harassment, or retaliation. The investigative protocol shall provide clear instructions for implementing and adhering, at a minimum, to the following requirements:

a. recording all complaints of sex discrimination, sex harassment, or retaliation in a central file that will not be destroyed or removed if an employee's employment ends;

b. conducting a prompt, thorough, and impartial investigation into said complaints;

c. determining a reasonably diligent method of gathering all information necessary to evaluate complaints including, at minimum, reviewing whether past

complaints or investigations exist related to the same individual being investigated, and interviewing employees (whether current or former) who may possess knowledge relevant to the complaint allegations, and documenting such interviews;

d. preserving any electronically stored data regarding complaints, such as video footage, email, text messages, written complaints, and interview notes;

e. keeping complaints and reports confidential except to the extent disclosure of information is believed to be necessary to conduct the investigation;

f. imposing discipline against any employee who is found to have engaged in sex discrimination, sex harassment, or retaliation, up to and including immediate discharge, suspension without pay, or demotion. Such disciplinary actions shall be reasonably calculated to end the discrimination, harassment, or retaliation, and prevent future discrimination, harassment, or retaliation;

g. conveying the results of said investigation directly to the individual(s) that made the complaints;

h. thoroughly documenting the outcome of investigations or decisions related to said complaints, including a detailed explanation of the reasons for taking, or declining to take, any disciplinary or other employment action in response to the complaint and investigation; and

i. all investigations, including but not limited to performing investigative interviews or making decisions concerning any actions to be taken in response to such complaints, shall only be conducted by Defendants' employees who have received the training described in Paragraph 31, below.

22. The investigative protocol shall further contain a requirement that managers and supervisors must communicate any complaints or their own observations of sex discrimination or harassment within three (3) calendar days of such complaint or observation to a designated human resources representative or other person responsible for investigating complaints of sex discrimination and harassment. However, the protocol shall prohibit any employee(s) who is the subject of the complaint from overseeing, assisting, and/or conducting any portion of the related investigation.

23. Within thirty (30) days of the Effective Date, each Defendant shall provide a copy of its investigative protocol referenced in Paragraphs 21 and 22 to EEOC.

24. Each Defendant shall distribute to all employees with investigative authority, meaning any individual responsible for investigating complaints of harassment and discrimination or determining preventive or corrective action to be taken regarding such complaints, a copy of the investigative protocol required by Paragraphs 21 and 22 within sixty (60) days of the Effective Date. Distribution may be made electronically or physically with a paper copy. Defendants shall report compliance to EEOC within ten (10) days of the distribution of this investigative protocol. For the duration of this Consent Decree, Defendants shall distribute these investigative protocols to all employees (whether a new hire or an incumbent) who newly acquire investigative authority, meaning any individual responsible for investigating complaints of harassment and discrimination or determining preventive or corrective action to be taken regarding such complaints, at the time that such persons acquire such authority.

## POLICIES AGAINST DISCRIMINATION, HARASSMENT, AND RETALIATION

25. Within sixty (60) days of the Effective Date, each Defendant shall adopt, or revise as necessary, a written anti-discrimination and anti-retaliation policies and procedures, and shall implement and adhere to such policies and procedures that shall include, at a minimum, a detailed explanation of the following subjects:

a. the prohibition of discrimination because of sex in all terms, conditions, and privileges of employment, including a prohibition against sex harassment;

b. an employee's right to be free from retaliation for making a complaint of sex harassment or other discrimination or opposing practices they consider to be discriminatory, assisting another employee who makes such complaint, participating in an investigation of such a complaint, providing information related to complaints of discrimination, or contacting the EEOC concerning any allegation of sex harassment or other discrimination;

c. the names, email addresses, phone numbers, and job titles of one or more of Defendants' personnel who are designated to receive employees' sex harassment, sex discrimination, and retaliation complaints, including oral complaints. Such designated personnel shall be reasonably available to receive such complaints. More than one member of Defendants' personnel shall be designated to receive employees' sex harassment, sex discrimination, and retaliation complaints, including oral complaints, and under no circumstances shall employees be required to make complaints to the person who is alleged to have engaged in the conduct that is the subject of the complaint. In the event that Defendants make a change to their personnel designated to receive sex harassment, sex

discrimination, and retaliation complaints, they shall promptly update this component of their policy and promptly disseminate such updates to all of Defendants' employees;

d. the duty of managerial and supervisory employees to promptly report all complaints of alleged sex harassment, sex discrimination or retaliation, as well as any harassment, discrimination, or retaliation they suspect or observe, to their immediate supervisor or to the human resources department, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including discharge from employment;

e. that to prevent retaliation, Defendant shall exercise reasonably diligent efforts to investigate any adverse employment action proposed or taken against a person who had previously made a complaint of sex harassment, sex discrimination, or retaliation, or was named or identified as a witness in an investigation of sex harassment, sex discrimination or retaliation to determine whether the adverse employment action is retaliatory when: (i) the person recommending or making the decision to take adverse employment action, or who has made an allegation that is the basis for such adverse employment action, has been the subject of, or is directly supervised by a person who is the subject of, or was a recipient of, the complaint of sex harassment, sex discrimination, or retaliation made by, or corroborated as a witness by, the employee against whom adverse employment action has been proposed or taken; or (ii) the circumstances would cause a reasonable person to suspect that the adverse employment action may be motivated by a retaliatory purpose.

f. that Defendant shall impose disciplinary action against any employee who is found to have engaged in sex harassment, sex discrimination, or retaliation up to and including immediate discharge; and

g. an explanation of the investigative protocols described in the Paragraphs 21 and 22 above.

26. Within thirty (30) days of the Effective Date, each Defendant shall provide a copy of their revised policies required by Paragraph 25 to EEOC.

27. Each Defendant shall distribute to each of its current employees a copy of the policies required by Paragraph 25, above, within sixty (60) days of the Effective Date. Distribution can occur electronically or physically with a paper copy. Defendants shall report compliance to EEOC within ten (10) days of the distribution of the policies. For the duration of this Consent Decree, Defendants shall distribute these policies to all new employees and review them with such persons at the time of hire. Such policies shall also be incorporated into Defendants' employee handbooks.

**NOTICE POSTING**

28. Within ten (10) days of the Effective Date of this Consent Decree, each Defendant shall electronically distribute the Notice appended hereto as Exhibit A to all employees. Within the same ten-day period, each Defendant shall also post a paper copy of the Notice in a place where it is visible to all employees. The Notices shall be signed by an official of each Defendant. The Notices shall remain posted for the duration of this Consent Decree. Defendants shall ensure that the Notices are not covered, removed, defaced, or altered. If a Notice is covered, removed, defaced or altered, Defendants will promptly take action to replace it.

29. Within thirty (30) days from the Effective Date, each Defendant shall notify EEOC that the Notice has been electronically distributed and posted pursuant to this provision, identifying the locations where the notice has been physically posted and describing the method of electronic distribution.

## DISCRIMINATION PREVENTION TRAINING

30. Within ninety (90) days of the Effective Date, each Defendant shall provide no less than one (1) hour of mandatory equal employment opportunity training to all employees. Such training shall include the following minimum content:

a. an explanation of the requirements of Title VII, including (i) the prohibition of discrimination based on sex, including sex-based harassment, taking adverse employment actions because of sex, and subjecting employees to discriminatory terms and conditions of employment because of sex; and (ii) the prohibition against retaliation in the workplace;

b. the types of conduct that constitutes prohibited sex-based harassment or discrimination or retaliation prohibited by Title VII, including examples of such conduct;

c. Defendants' policies against discrimination, harassment, and retaliation;

d. an explanation of the procedures for reporting complaints of sex harassment, sex discrimination, or retaliation, including the identities of person to whom such reports shall be made;

e. the duty of supervisors and managers to report complaints or observations of unlawful harassment, discrimination, or retaliation, and that failure to carry out this duty can be grounds for discipline, up to and including termination;

f. a description of how a co-worker who witnesses harassment can intervene in an appropriate manner if possible, and report the harassment; and

g. the disciplinary consequences for any employees, including managerial and supervisory employees, found to be in violation of Defendants' policies.

31. Within ninety (90) days of the Effective Date, all employees who are responsible for investigating complaints of harassment, discrimination or retaliation shall receive no less than three (3) hours of training concerning investigation of complaints of harassment, discrimination or retaliation, including the following:

a. an overview of the law regarding sexual harassment, discrimination and retaliation and employer duties related to the same;

b. Defendants' requirement under their Policies that all managers and supervisors have a duty to promptly report any and all complaints or observations of unlawful harassment, discrimination or retaliation, and that failure to carry out this duty shall be grounds for disciplinary action, up to and including termination;

c. sources of potential evidence/information that could be considered in a company harassment, discrimination or retaliation investigation;

d. an instruction that information regarding past complaints, allegations, or investigations of harassment, discrimination or retaliation of a similar nature and involving the same individual then-being investigated shall be considered highly relevant evidence in any pending investigation;

e. that Defendants' personnel conducting investigations into allegations of unlawful harassment, discrimination or retaliation are required to research whether such past complaints or investigations exist by reviewing all records available to them and that there should be record-keeping systems to enable tracking such information;

f. that Defendants' current employees who are not the complainant, reporting official, or person accused, as well as former employees, may also be sources of highly relevant evidence and should be contacted during investigations, if appropriate;

g. the need to conduct thorough interviews concerning all potential harassing or discriminatory incidents regardless of whether they were initially identified by the complainant or were the subject of the complaint;

h. techniques for conducting witness interviews and assessing witness credibility, particularly but not exclusively for situations in which there is conflicting testimony or an absence of corroboration;

i. the need to investigate whether corroborative evidence exists, but that corroborative evidence is not required to make a finding that allegations of harassment or other discrimination are substantiated or well-founded;

j. that complaint and investigation procedures must be conducted in a manner reasonably calculated to ensuring language accessibility for all individuals with whom Defendants communicate (e.g., Spanish language communications with limited English proficient workers whose first language is Spanish through an interpreter or direct communication with a Defendant official authorized to conduct the investigation who is a fluent Spanish language speaker);

k. a discussion of corrective actions that can be taken in response to employee complaints or reports of harassment, discrimination and retaliation and the need to ensure that, in response to such complaints or reports, Defendants undertake corrective action reasonably calculated to end any harassing, discriminatory or retaliatory conduct and to prevent its reoccurrence;

l. post-investigation procedures for monitoring the work environment, including but not limited to conducting follow-up interviews of employees and explicitly

asking such persons whether any harassment, discrimination or retaliation of a similar type to that investigated is ongoing or has taken place since the original complaint;

m. the need to monitor and audit any post-complaint or post-investigation personnel actions taken against any complainants or witnesses to any investigations to ensure that retaliation is not taking place;

n. the need to document complaint investigations, including taking and retaining notes of interviews conducted and fully documenting all questions asked and answers given;

o. Defendant's record retention obligations under this Decree and Title VII relating to any discrimination and harassment complaints or investigations; and

p. Defendants' investigative protocols and policies required by Paragraphs 21-25 of this Decree.

32. Defendant shall retain at its own expense a non-party consultant(s) reasonably qualified by virtue of any combination of education, training, and experience, or an attorney licensed in the State of Texas who specializes in employment law, to conduct the training(s) required by Paragraphs 30 and 31 above. Defendants shall send a copy of the training presentation outline(s), presentation slide deck(s), and/or written materials to the EEOC at least thirty (30) days before any training session occurs, along with the name, contact information, and curricula vitae of the proposed trainer(s). EEOC shall be afforded a period of fourteen (14) days to review the trainers' qualifications and training materials and provide any comments concerning the training that EEOC deems warranted. Upon request by EEOC, Defendants shall confer in good faith with EEOC concerning the training and any EEOC comments.

33. For the duration of this Decree, to the extent that any newly designated employee responsible for investigating complaints of harassment, discrimination or retaliation has not received the training required by Paragraph 31 above, Defendants shall provide such training to that person before the person performs any investigative or decision-making duties concerning an employee complaint or report of harassment, discrimination or retaliation.

34. The initial training session required by Paragraph 30 above shall be presented to attendees live, though remote means of presentation may be used in lieu of in-person attendance. Subsequent training sessions may be presented by re-playing a video recording of the initial training session, provided that Defendants take reasonable steps to ensure that attendees have fully viewed the training and attendees are given the name and contact information of one or more persons knowledgeable of the subject matter of the training and who are available to answer any questions that attendees have about the subject matter of the training.

35. All training sessions required by Paragraph 31 above, and subsequent sessions of that training required by Paragraph 33 above shall be presented to attendees live, though remote means of presentation may be used in lieu of in-person attendance.

36. Within thirty (30) days after each training session required by Paragraphs 30 and 31 above, Defendants shall provide to EEOC the name and job title of each attendee and the name and title of each employee who is required by this Decree to attend the training but did not attend, and the date such persons are scheduled to receive the training.

**EMPLOYMENT REFERENCES**

37. For the duration of this Decree, in response to a request for an employment reference for either Ms. Owen or Ms. Faulkner-Taylor, Defendants shall provide a neutral

letter of reference including only such person's name, name of employer, date(s) of employment, positions held, and salary information, if sought.

**RECORD KEEPING**

38. For the duration of this Decree, Defendants shall maintain the following documents (including electronically stored information) related to:

a. the protocol and policies required by Paragraphs 21 and 25, including all documents reflecting any changes to the protocols or policies or their implementation;

b. the training materials, attendance lists, and employee acknowledgements required by this Decree;

c. records relating to any complaints of sex harassment, sex discrimination, or retaliation. For each complaint, the records maintained shall include the name and contact information of the complaining party; the date of the complaint; a written description of what was alleged including the names of those accused of discrimination, harassment, or retaliation; a copy of the complaint if it was made in writing; and a written description of the resolution of the complaint;

d. all documents related to any investigations and corrective or preventive actions that Defendant undertakes in response to complaints of sex harassment, sex discrimination, or retaliation. Such documents shall include, but are not limited to, any and all written correspondence, notes, emails, photographs, video recordings, text messages, policies, PowerPoints, training materials, memoranda, written statements, affidavits, declarations, charges of discrimination, internal complaint documents, lawsuits, internal reports, investigation findings, and disciplinary or other personnel actions.

39. Defendants shall make these documents or records available for inspection and copying and/or produce them within fourteen days (14) of their receipt of any EEOC request.

**REPORTING**

40. For the duration of this Decree, each Defendant shall provide EEOC with semi-annual reports of any complaints of sex discrimination, sex harassment, or retaliation received or investigated during the six (6) months preceding the report. Each report shall contain the following information:

a. the identities of all individuals who made complaints of discriminatory conduct or harassment, including each person's full name, last known residence address, last known personal telephone number(s), last known personal email address, work location, job title, and whether employed by Defendants at the time of Defendants' report to EEOC;

b. the identities of all employees who were alleged to have engaged in the discriminatory, harassing, or retaliatory conduct, including each person's full name, last known residence address, last known personal telephone number, last known personal email address, work location, job title, and whether employed by Defendants at the time of Defendants' report to EEOC;

c. the identities of all employees who were interviewed and/or identified as potential witnesses concerning the alleged discriminatory, harassing, and/or retaliatory conduct, including each person's full name, last known residence address, last known personal telephone number, last known personal email address, work location, job title, and whether employed by Defendants at the time of Defendants' report to EEOC;

d. a complete description of the alleged discriminatory, harassing, or retaliatory conduct;

e. copies of all statements made by witnesses interviewed as part of the investigation;

f. a complete description of all corrective, preventative, or remedial action taken as a result, if any.

41. If during the six-month reporting period Philip Germain or Barbara Hornsby terminates, demotes, or takes disciplinary action against any employee of Defendants who has made a complaint of sex discrimination, sex harassment, or retaliation for any reason, they shall report the following information to EEOC:

a. The full name, last known address, last known home and cell phone numbers, and last known email address of the employee;

b. The employee's job title;

c. The date of the employment action;

d. The reason(s) for the termination, demotion, or disciplinary action.

e. A detailed account of the factual basis for Philip Germain or Barbara Hornsby taking the action against the employee; and

f. All documents evidencing the basis for the action.

42. The first report shall be due six months after the Effective Date. The final report shall be due one month prior to expiration of the decree. In the event there is no activity to report pursuant to Paragraph 40-41, Defendants shall send to EEOC a report indicating no activity.

**RETENTION OF JURISDICTION, SCOPE AND DURATION OF DECREE**

43. This Court shall retain jurisdiction over the action to enforce the terms of the Decree.

44. The duration of this Consent Decree shall be three (3) years from its Effective Date, except that if at the end of the term of the Decree, any disputes under Paragraph 46, below, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

45. The terms of this Consent Decree shall be binding upon Defendants, their agents, officers, employees, servants, successors, and assigns.

**DISPUTE RESOLUTION AND ENFORCEMENT**

46. Upon Motion of one or more of the Parties regarding any provision of this Decree, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Prior to filing such Motion, unless there are exigent circumstances requiring immediate judicial intervention, a Party shall notify the other Party in writing of any alleged noncompliance. Upon receipt of written notice, that Party shall have fifteen (15) days either to correct the alleged non-compliance, and so inform the other Party, or deny the alleged noncompliance in writing. If the Parties cannot in good faith resolve their dispute, the Party alleging noncompliance may file a Motion to seek review by the Court. Each Party shall bear its own costs, expenses, and attorneys' fees incurred in connection with such proceeding. Jurisdiction to resolve any dispute arising under the Decree resides in the United States District Court for the Western District of Texas.

47. In the event that EEOC, its agents or employees possess a reasonable suspicion that Defendants have violated any provision of this Decree, and upon written request to Defendants (via their counsel of record), the Commission, its agents, and employees shall have the legal

authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the reasonably prompt production of relevant documents to ensure compliance with the terms of this Decree. Defendants shall bear all costs associated with their duties under this paragraph. The Commission may at any time move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of this Paragraph. Neither the Commission's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner the EEOC's authority in the future to conduct investigations of Defendant that is provided by law, including but not limited to investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act of 1963 ("EPA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the ADA, the Genetic Information Nondiscrimination Act of 2008 ("GINA"), the Pregnant Workers Fairness Act ("PWFA"), and any statute over which the Commission is given jurisdiction, and conducting directed investigations authorized under the EPA, the ADEA, or any future statute which authorizes the EEOC to conduct directed investigations. In the event that Defendants dispute in good faith whether an EEOC request made pursuant to this Paragraph is authorized under the circumstances, Defendants may request, and EEOC shall not unreasonably refuse, a conferral period of up to fifteen (15) days, during which the parties will confer and attempt to reach resolution of the dispute. If the parties fail to reach agreement during the conferral period, EEOC may file a motion for Court review, and Defendants shall not be required to comply with the EEOC request that is the subject of the dispute unless and until ordered to do so by the Court pursuant to EEOC's motion. Each Party shall bear its own costs, expenses, and attorneys' fees incurred in connection with such proceeding. Defendants agree that they will not oppose any request by EEOC for expedited consideration. In the event Defendants request conferral regarding a good faith

dispute concerning any EEOC request made pursuant to this Paragraph, this Paragraph controls over Paragraph 46, above. Otherwise, any such dispute and EEOC request shall be subject to the dispute resolution and Motion procedures of Paragraph 46, above.

## MISCELLANEOUS PROVISIONS

48. All reports or other documents sent to EEOC by Defendants pursuant to this Consent Decree shall be sent electronically by email to Senior Trial Attorney Philip J. Moss at philip.moss@eeoc.gov and to DDOconsentdecree@eeoc.gov.

49. Each party shall bear its own attorneys' fees and costs incurred in this action, except as otherwise provided herein regarding payment of costs and attorney's fees to Rebecca Owen.

50. This Decree constitutes the entire agreement and commitments of the Parties on matters raised herein and is not subject to modification except upon order of this Court. If the Parties propose to make any modifications to this Decree by their mutual consent, they shall submit such proposed modifications to the Court by Joint Motion, and such modifications shall not be effective unless approved by order of the Court.

51. If any provision of this Decree is found to be unlawful, only the specific provision in question shall be affected and all other provisions of this Decree shall remain in full force and effect.

52. This Decree may be executed in counterparts.

**IT IS AGREED:**

For Plaintiff U.S. Equal Employment Opportunity Commission:

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

131 M Street, N.E.
Washington, D.C. 20507

______________________________
RONALD L. PHILLIPS
ACTING REGIONAL ATTORNEY

Date: 9/29/26

______________________________
PHILIP J. MOSS
SENIOR TRIAL ATTORNEY
Email: philip.moss@eeoc.gov

Date: 9/29/26

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229
Telephone: (210) 640-7570

______________________________
KALA S. DUMONT
ATTORNEY FOR REBECCA OWEN
EMAIL: kalasd@swbell.net

Date: 9/29/26

For Defendants Benson Enterprises, Inc.; Ingram Park Chrysler Jeep, Inc.; and Benson Nissan, Inc.

______________________________
LARRY JOHN BENSON JR.
PRESIDENT AND CHIEF EXECUTIVE OFFICER

Date: 9/29/26

**IT IS SO ORDERED this** 7th **day of** October**, 2026.**

______________________________
HONORABLE XAVIER RODRIGUEZ
United States District Judge

**Exhibit A**

## NOTICE TO ALL EMPLOYEES

**POLICY:** Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lower overall employee morale and productivity. It is the policy of [insert name of applicable Defendant prior to posting of Notice] that discrimination based on sex, including sex harassment, and/or retaliation is unacceptable and will not be condoned. Individuals engaging in discrimination or retaliation are subject to discipline up to and including termination.

**PURPOSE:** It is the purpose of this Notice to reaffirm and amplify the requirements of Title VII of the Civil Rights Act of 1964, as amended, and to reiterate [insert name of applicable Defendant prior to posting of Notice]'s policy on sex-based discrimination, including sexual harassment and retaliation as defined by Title VII.

**SCOPE:** This policy extends to all employees of [insert name of applicable Defendant prior to posting of Notice], both management, non-management, and temporary/probationary.

**DEFINITION:** Sexual harassment is a form of sex-based discrimination that consists of unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual or sex-motivated nature. This type of conduct can constitute sexual harassment when submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individuals; or such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. Whether the offense is made by a manager, co-worker, or even a non-employee like a client, contractor, or vendor, such conduct can create a hostile work environment. Some examples of sexual harassment are:

- Sending sexually suggestive letters, notes, text messages or e-mails;
- Displaying inappropriate sexual images or posters in the workplace;
- Telling lewd jokes, or sharing sexual anecdotes;
- Making inappropriate sexual gestures;
- Staring in a sexually suggestive or offensive manner, or whistling;
- Making sexual comments about appearance, clothing, or body parts;
- Inappropriate touching, including hugging, pinching, patting, rubbing, or purposefully brushing up against another person;
- Requests for sexual favors; and/or
- Sexual assault.

This list is in no means exhaustive. There are other forms of sex discrimination.

**DEFINITION:** Retaliation is the punishment of an employee for engaging in a protected activity, such as reporting discriminatory conduct, filing a discrimination charge, opposing unlawful employer practices, and/or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. Some examples of retaliation are:

- Suspension;
- Reduction of pay;
- Discharge;
- Reassignment of job duties;
- Reduction of work hours;

- Reassignment to a different work shift;
- Intimidation; and/or
- Any action affecting employment such as threats, unjustified negative evaluations, unjustified negative references, or increased surveillance.

This list is in no means exhaustive. There are other forms of retaliation.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedures, and activities are in full compliance with applicable federal, state, and local equal employment laws, statute, rules, and regulations regarding discrimination. All employees are expected to read, understand, and follow [insert name of applicable Defendant prior to posting of Notice]'s Policy Prohibiting Sex-Based Discrimination and Retaliation.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination based on sex or retaliation is expected to report the conduct as soon as possible to either that person's immediate supervisor, or the Human Resources Director. Supervisors who receive such complaints will promptly notify the Human Resources Director. A person either alternatively, or in addition to reporting such an allegation to company officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, (800) 669-4000. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** A complete investigation of each complaint will be facilitated immediately by [insert name of applicable Defendant prior to posting of Notice]'s Human Resources Department. The investigation may include interviews of all employees and supervisors at the facility.

**PUNISHMENT FOR VIOLATION:** Employees who engage in sex-based discrimination including, but not limited to, sexual harassment and/or retaliation, including supervisors and managers, can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed in good faith what they believe to be unlawful employment practices, including sexual harassment or discrimination; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. [insert name of applicable Defendant prior to posting of Notice] will not punish you for reporting sex-based discrimination or simply because you have made a complaint under the above guidelines.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF THREE (3) YEARS.**

Date: 9/29/26

LARRY JOHN BENSON JR.
PRESIDENT AND CHIEF EXECUTIVE OFFICER